IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TERRI RYCE**, and **HERBERT SUMLER**,<br><br>Plaintiffs,<br><br>v.<br><br>**AUTOZONE PARTS, INC.**, a Nevada corporation, dba AutoZone, and **JESSE MATTHEW TAYLOR**,<br><br>Defendants. | Case No. 3:23-cv-01212-SB<br><br>**OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE FINDINGS AND RECOMMENDATION** |

Jason L. Kafoury and Mark Gillis McDougal, Kafoury & McDougal, 411 SW 2nd Ave, Suite 200, Portland, OR 97204. Attorneys for Plaintiffs.

Shane P. Swilley, Cosgrave Vergeer Kester, LLP, 900 SW 5th Ave, 24th Floor, Portland, OR 97204. Attorney for Defendants.

**IMMERGUT, District Judge.**

No party has filed objections to Judge Beckerman's Findings and Recommendation ("F&R"), ECF 15. Nonetheless, after conducting de novo review, this Court ADOPTS the F&R as SUPPLEMENTED in this Opinion and Order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R

28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

No party has filed objections to Judge Beckerman's F&R. Nonetheless, this Court has reviewed the F&R *sua sponte* and adopts the F&R as supplemented in this Opinion and Order. As the Parties' briefing demonstrates, there is some confusion regarding the operation of 28 U.S.C. § 1441(b)(2) and its relationship with 28 U.S.C. § 1332. *See* Plaintiffs' Motion to Remand to State Court, ECF 6; Defendants' Response, ECF 8. This Court accordingly supplements Judge Beckerman's opinion to clear up this confusion.

The starting point is the text of 28 U.S.C. § 1441(b), which provides in relevant part:

> (b) Removal based on diversity of citizenship.—
>
> . . .
>
> > (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This provision establishes two points. First, it reiterates a general rule: a case in state court that meets the requirements of 28 U.S.C. § 1332(a) is typically removable to federal court. Section 1332(a), in turn, extends the original jurisdiction of federal courts to cases where there is

PAGE 2 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R

complete diversity among the parties and "the matter in controversy exceeds the sum or value of $75,000." Second, § 1441(b)(2) carves out an exception to the general rule: a case that is "otherwise removable" under diversity jurisdiction cannot be removed if any of the defendants "is a citizen of the State in which" the case is brought. This exception is known as the "forum defendant rule," and it "reflects the belief that federal diversity jurisdiction is unnecessary [in such cases] because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *McAboy v. Intel Corp.*, Case No. 3:21-cv-01773-IM, 2022 WL 1519081, at *2 (D. Or. May 13, 2022) (original brackets omitted) (quoting *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004)).

Here, there appears to have been confusion over how courts determine diversity under § 1332(a) and how courts determine whether there is a forum defendant that can bar removal under § 1441(b)(2). As § 1441(b)(2) expressly states, and as this Court recognized in *McAboy*, the forum defendant rule only applies when the defendant from the forum state has been "properly joined and served." *See id.* at *4–5. But as Judge Beckerman correctly observed, for the purposes of determining diversity under § 1332(a), courts do not solely consider the citizenship of properly served parties; rather, courts generally consider the citizenship of all *properly named* parties.[1] *See* F&R, ECF 15 at 7–9 (citing Ninth Circuit case law and leading federal courts treatises).

---

[1] To be sure, in certain circumstances, courts will disregard named parties in determining diversity. *See, e.g.*, *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." (citation omitted)); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder. (citations omitted)). As Judge Beckerman noted, these doctrines are not at issue in this case. *See* F&R, ECF 15 at 6 n.7 ("Defendants do not argue that the fraudulent joinder exception applies here.").

PAGE 3 – OPINION AND ORDER ADOPTING AND SUPPLEMENTING THE F&R

Conflating these two rules, Defendant Autozone Parts believes that a defendant must be properly served for its citizenship to be relevant to diversity under § 1332.[2] And operating on this belief, Autozone Parts contends that it could remove this case to federal court because Defendant Jesse Matthew Taylor, who shares Oregon citizenship with Plaintiffs (*see* Notice of Removal, ECF 1 ¶¶ 8–9), had not yet been served. But Autozone Parts' reasoning is flawed: it did not matter that Taylor had not been served at the time of removal. Rather, Taylor was properly named as a defendant in the Complaint, and because he was an Oregon citizen like Plaintiffs, the subject-matter jurisdiction of the federal courts could not extend to this matter. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 n.1 (9th Cir. 1969) (rejecting the notion "that 28 U.S.C. § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served."). Therefore, as Judge Beckerman correctly concluded, this case was never removable in the first instance and must be remanded.

Parties should avoid repeating the foregoing error. To sum up: diversity removal is generally determined by examining the citizenship of properly named parties, and the forum defendant exception through properly served parties.

---

[2] District courts often correct this misunderstanding. *See, e.g.*, *Christison v. Biogen Idec, Inc.*, No. C 11-4382 RS, 2011 WL 13153242, at *1 (N.D. Cal. Nov. 14, 2011) (rejecting the conflation of "the prohibition on removal where there is a local defendant in the action" and "the question of whether the citizenship of unserved defendants should be considered in evaluating whether complete diversity of citizenship exists to support removal."); *U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc.*, Case No.: 2:21-cv-00339-GMN-VCF, 2021 WL 5566538, at *5 (D. Nev. Nov. 29, 2021) (explaining that "the Ninth Circuit [has] reaffirmed that diversity of citizenship is determined solely based on citizenship of the parties named in the complaint regardless of service or nonservice upon the codefendant" but that this rule was inapplicable to the question "whether removal is proper in light of the service, or lack of service, of the [forum-based] defendants." (citation and internal quotation marks omitted)).

## CONCLUSION

With these additional comments, this Court adopts Judge Beckerman's F&R, ECF 15, as supplemented. This Court GRANTS Plaintiffs' Motion to Remand, ECF 6, and REMANDS this case (Case No. 23CV33408) to the Circuit Court of the State of Oregon for the County of Multnomah.

**IT IS SO ORDERED**.

DATED this 16th day of January, 2024.

                                                          /s/ Karin J. Immergut
                                                          Karin J. Immergut
                                                          United States District Judge